**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

John Doe, as parent and natural guardian of Child Doe, a minor,

Plaintiff,

v.

Madison Lynn Bergmann, in her individual capacity,
Abigail M. Faust, in her individual capacity,
and the School District of Hudson,

Defendants.

**Complaint**

**Jury Trial Demanded**

Plaintiff John Doe, as parent and natural guardian of Child Doe, a minor, for his Complaint against Defendants Madison Lynn Bergmann, Abigail M. Faust, and the School District of Hudson (collectively "Defendants"), states and alleges upon knowledge, information, and belief as follows:

## Introduction

1. This action arises from the systematic grooming and sexual abuse of an eleven-year-old child by his fifth-grade teacher, Defendant Madison Lynn Bergmann ("Bergmann"), at River Crest Elementary School in Hudson, Wisconsin.

2. Over several months, Bergmann exploited her position of authority and the trust of Child Doe and his family to initiate and sustain a sexually exploitative relationship with the child, including kissing, inappropriate touching, sexually explicit

communications, and repeated sexual acts, many occurring on school property during the school day.

3. Bergmann's conduct violated Child Doe's clearly established rights under the Fourteenth Amendment to the United States Constitution and constituted battery under Wisconsin law.

4. Abigail M. Faust ("Faust") failed to intervene on Bergmann's unconstitutional conduct towards Child Doe, despite knowledge of the conduct and an opportunity to intervene.

5. The School District of Hudson (the "District") is also liable under Wisconsin law for negligently supervising Bergmann, including allowing a known custom or practice of unsupervised, private electronic communications between teachers and students that facilitated the grooming and abuse of Child Doe.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff brings a federal claim under 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this Federal District.

9. With respect to the state law claims, Plaintiff has timely complied with the notice provisions of Wis. Stat. § 893.80 and this action is timely brought. To the extent

notice was not provided, Defendants had actual notice of the claims stated herein and any failure in providing notice is not prejudicial to any Defendant.

**Parties**

10. Plaintiff John Doe resides in and is a citizen of Wisconsin and the natural parent and legal guardian of Child Doe, a minor.

11. At all times relevant, Child Doe was a student enrolled in the School District of Hudson and attended River Crest Elementary School.

12. Defendant Bergmann was, at all relevant times, employed by the Hudson School District as a fifth-grade teacher at River Crest Elementary School.

13. Bergmann resides in and is a citizen of Minnesota.

14. Defendant Faust was, at all relevant times, employed by the Hudson School District as a fifth-grade teacher at River Crest Elementary School.

15. Faust resides in and is a citizen of Wisconsin.

16. Bergmann and Faust acted under color of state law and are sued in their individual capacities for purposes of 42 U.S.C. § 1983.

17. Defendant District is a public school district organized under the laws of Wisconsin with its principal office located in Hudson, Wisconsin. It is responsible for the operation of River Crest Elementary School and for the hiring, training, and supervision of its staff, including Bergmann and Faust.

18. At times, Bergmann and Faust acted within the course and scope of their employment with the District and the District is vicariously liable for Bergmann's and Faust's violations of state law set forth herein.

19. In the alternative, Bergmann also acted at times outside the course and scope of her employment duties with the District.

**Factual Allegations**

20. In 2023-2024, Child Doe was a student in Bergmann's fifth-grade classroom at River Crest Elementary School.

21. Beginning no later than September 2023, Bergmann began grooming Child Doe through personalized attention, physical contact, and sexually charged text messages sent to his personal phone.

22. "Grooming" is a method used by offenders to build trust with a victim to gain access to and time alone with the victim. Grooming is typically a process in which the predator takes subtle approaches designed to systematically break down interpersonal barriers and facilitate a relationship. The offender may assume a caring role, befriend the victim, and even exploit a position of trust and authority to groom the victim.

23. Bergmann was 23 years old.

24. Child Doe was 10 years old.

25. Bergmann's messages to Child Doe expressed romantic and sexual feelings and made graphic references to physical intimacy and sexual acts. She sent these messages to Child Doe during and after school hours.

26. Bergmann took advantage of her position as a teacher to isolate Child Doe, including during reading periods, lunch, and after class. She repeatedly removed Child Doe from class without oversight.

27. Other employees, including supervisory employees, at the District either knew or should have known of this behavior and that it raised red flags for improper boundary-crossing and grooming behavior.

28. Beginning in or about December 2023 Bergmann engaged in acts of sexual enticement towards Child Doe.

29. Beginning in or about March and April 2024, Bergmann engaged in improper sexual touching of Child Doe both on and off school property, and both during and after school hours.

30. Bergmann has since been criminally charged. *See State of Wisconsin v. Bergmann*, Case No. 2024CF000232, Amended Criminal Complaint (St. Croix Cnty. Cir. Ct. Filed Aug. 15, 2024).

31. The District maintained a known custom of allowing or failing to restrict direct, unsupervised electronic communications between staff and students, including text messages, without sufficient oversight or policy enforcement.

32. This custom foreseeably enabled grooming and abuse, particularly where teachers had unsupervised access to students and where no meaningful limits were imposed on teacher-student communications outside official platforms.

33. Despite Bergmann's repeated removal of Child Doe from class, and having close, ongoing physical contact with Doe, no administrator or staff member intervened or reported the behavior.

34. Faust was aware of Bergmann's grooming and unlawful sexual touching of Child Doe, but she failed to take any action as set forth in *State v. Faust*, Case No.

2025CF000452, Amended Criminal Complaint (St. Croix Cnty. Cir. Ct. Filed Aug. 13, 2025).

35. As a result of Defendants' conduct, Child Doe has suffered and will continue to suffer severe emotional trauma, loss of trust, anxiety, shame, psychological injury, and other damages.

## Claims for Relief

### Count I

42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process
(Against Defendant Madison Lynn Bergmann)

36. Plaintiff incorporates all paragraphs as though fully set forth herein.

37. At all relevant times, Child Doe had a clearly established constitutional right under the Fourteenth Amendment to be free from sexual abuse and exploitation by government actors, including public school teachers.

38. Bergmann, acting under color of state law, engaged in conduct that shocks the conscience and demonstrates deliberate indifference to the constitutional rights and bodily integrity of Child Doe.

39. Bergmann's conduct, including grooming, repeated sexual touching, penetration, and coercive sexual messaging, constitutes a violation of Child Doe's substantive due process rights.

40. As a direct and proximate result of Bergmann's conduct, Child Doe suffered and will continue to suffer damages, including emotional trauma, mental health injuries, pain and suffering, and medical bills.

41. Child Doe is entitled to recover reasonable costs, including but not limited to reasonable attorneys' fees, pursuant to 42 U.S.C. § 1983.

**Count II**
42 U.S.C. § 1983 – Failure to Intervene –
Fourteenth Amendment Substantive Due Process
(Against Defendant Abigail M. Faust)

42. Plaintiff incorporates all paragraphs as though fully set forth herein.

43. Faust, acting under color of state law, knew that Bergmann either was or intended to violate Child Doe's clearly established Fourteenth Amendment right to bodily integrity through Bergmann's grooming and sexual abuse of Child Doe.

44. Faust had a realistic opportunity to prevent harm or further harm to Child Doe, yet with deliberate indifference, failed to act to intervene.

45. As a direct and proximate result, incidents of abuse by Bergmann towards Child Doe occurred.

46. As a direct and proximate result of Faust's conduct, Child Doe suffered and will continue to suffer damages, including emotional trauma, mental health injuries, pain and suffering, and medical bills.

47. Child Doe is entitled to recover reasonable costs, including but not limited to reasonable attorneys' fees, pursuant to 42 U.S.C. § 1983.

**Count III**
Battery – Wisconsin Common Law
(Against Defendant Madison Lynn Bergmann)

48. Plaintiff incorporates all paragraphs as though fully set forth herein.

49. Bergmann intentionally caused harmful and offensive physical contact with Child Doe without lawful justification or consent.

50. Such contact includes repeated acts of kissing, inappropriate touching, and other sexual contact.

51. Bergmann's actions constitute common law battery under Wisconsin law.

52. As a direct and proximate result, Child Doe suffered and will continue to suffer damages, including emotional trauma, mental health injuries, pain and suffering, and medical bills.

**Count IV**
Vicarious Liability – Wisconsin Common Law
(Against Defendant School District of Hudson)

53. Plaintiff incorporates all paragraphs as though fully set forth herein.

54. At all relevant times, Bergmann was acting within the course and scope of her employment when she sexually abused Child Doe, as she used her role and authority as a teacher to commit the acts.

55. Wisconsin law permits vicarious liability where an employee's wrongful acts are facilitated by the authority and instrumentalities granted by the employer.

56. Accordingly, the District is vicariously liable for Bergmann's sexual abuse and battery towards Child Doe at all times she was acting within the course and scope of her employment.

57. As a direct and proximate result, Child Doe suffered and will continue to suffer damages, including emotional trauma, mental health injuries, pain and suffering, and medical bills.

**COUNT V**
Negligent Supervision – Wisconsin Common Law
(Against Defendant School District of Hudson)

58. Plaintiff incorporates all paragraphs as though fully set forth herein.

59. The District owed a duty to exercise reasonable care in supervising its employees, including preventing foreseeable harm to students.

60. The District breached its duty, including by:

a. Failing to monitor and limit unsupervised communications between Bergmann and students;

b. Failing to detect and intervene in Bergmann's repeated, inappropriate physical and emotional conduct toward Child Doe; and

c. Failing to implement or enforce adequate safeguards and policies preventing grooming and sexual abuse by staff.

49. This negligence allowed Bergmann to maintain private, sexually exploitative communications and repeated physical contact with Child Doe for months without intervention.

61. As a direct and proximate result, Child Doe suffered and will continue to suffer damages, including emotional trauma, mental health injuries, pain and suffering, and medical bills.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. As to Count I, all past and future compensatory and special damages in an amount to be determined by jury but in excess of $75,000.00, in addition to pre- and post-judgment interest, costs and disbursements, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

2. As to Count II, all past and future compensatory and special damages in an amount to be determined by jury but in excess of $75,000.00, in addition to pre- and post-judgment interest, costs and disbursements, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

3. As to Count III, all past and future compensatory and special damages in an amount to be determined by jury but in excess of $75,000.00, in addition to pre- and post-judgment interest, and costs and disbursements;

4. As to Count IV, all past and future compensatory and special damages in an amount to be determined by jury but in excess of $75,000.00, in addition to pre- and post-judgment interest, and costs and disbursements;

5. As to Count V, all past and future compensatory and special damages in an amount to be determined by jury but in excess of $75,000.00, in addition to pre- and post-judgment interest, and costs and disbursements; and

6. For all such other and further relief as the Court deems just and proper.

**STORMS DWORAK LLC**

Dated: August 22, 2025

/s/ Jeffrey S. Storms
Jeffrey S. Storms (#387240)
222 South 9th Street, Suite 470
Minneapolis, MN 55402
Telephone: 612.333.7050
jeff@stormsdworak.com

and

**NELSON & LINDQUIST, S.C.**

Dated: August 22, 2025

/s/ Andrew M. Nelson
Andrew M. Nelson, (#1061508)
600 Third Street
Hudson, WI 54016
Telephone: 715.381.8270
drew@nelsonlindquist.com

*Attorneys for Plaintiff*