**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

John Doe, as parent and natural guardian
of Child Doe, a minor,

      Plaintiff,

    v.

Madison Lynn Bergmann, in her individual capacity,
Abigail M. Faust, in her individual capacity,
and the School District of Hudson,

      Defendants.

No. 3:25-cv-00705

**Brief in Support
of Plaintiff's Motion to
Proceed Using Pseudonyms**

This case arises out of the grooming and sexual assaults of a ten-year-old child by his fifth-grade teacher. Because of the sensitive nature of these allegations, Plaintiff respectfully requests permission for both John Doe and Child Doe to proceed using pseudonyms. Protecting their identities is consistent with precedent recognizing that victims of child sexual abuse should not be forced to endure the additional harm of public identification in order to seek redress.

**<u>Background</u>**

Plaintiff John Doe is the parent and natural guardian of Child Doe, who was a ten-year-old student in the School District of Hudson when his teacher, Defendant Madison Lynn Bergmann groomed and sexually assaulted him. (Compl. ¶¶ 21-29.) Bergmann has since been criminally charged.  (Compl. ¶ 30; *see also* Storms Decl., Ex. A, Bergmann Am. Criminal Compl.) Defendant Abigail M. Faust, another teacher, was aware of the

unlawful conduct, but failed to intervene. (Compl. ¶ 34; *see also* Storms Decl., Ex. B, Faust Am. Criminal Compl.)

Plaintiff filed this civil action on August 22, 2025, using a pseudonym for himself and Child Doe.  Plaintiff seeks to proceed using pseudonyms for himself and Child Doe given Child Doe's status as a child sexual assault victim. Defendant School District of Hudson has agreed to stipulate to the use of pseudonyms. Defendants Bergmann and Faust have not, since Plaintiff has not yet completed service on them and is unaware of who shall represent them as civil counsel. Plaintiff shall serve a copy of this motion with the Summons and Complaint.

**<u>Argument</u>**

**I.      The harm to Child Doe outweighs the benefits of requiring disclosure.**

Federal Rule of Civil Procedure 10(a) generally requires parties to identify themselves by "nam[ing] all the parties" in the complaint caption. Rule 10(a) arises out of the notions that judicial proceedings are intended to take place in public and the public has a right to know the identities of those using the court system. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir. 1997).

"The rule is not absolute, and courts retain discretion to permit pseudonyms when necessary to protect compelling privacy interests." *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *rev'd on other grounds on reh'g en banc*, 687 F.3d 840 (7th Cir. July 23, 2012). "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from

2

concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). Fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Blue Cross*, 112 F.3d at 872. "Courts often extend the protection of anonymity to victims of sex crimes." *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 914 (7th Cir. 2024) (citation omitted).

Here, Plaintiff has a compelling and extraordinary reason to proceed under a pseudonym because his minor child was groomed and sexually assaulted by his teacher when he was ten years old. The allegations necessarily involve matters of the utmost intimacy. Forcing Plaintiff to use his and Child Doe's real identity would risk profound harm, compounding the trauma already inflicted by Defendants' misconduct. Challenges to pseudonym use should not serve as a tactic to deter victims of sexual assault from seeking accountability.

The need for protection is underscored by the fact that both the criminal proceedings against Bergmann and Faust and the corresponding media coverage have consistently withheld Plaintiff's and Child Doe's identities. In the criminal matter, prosecutors identified the child only as "Victim." Likewise, press coverage of the charges has not disclosed the names of Plaintiff or Child Doe. Public identification in this civil case would upend that protection, exposing the child after his identity has already been safeguarded by courts and the press alike.

Allowing pseudonyms imposes no prejudice on Defendants. They know the true identity of Child Doe, and they will continue to have full access to that information under a protective order. They can investigate the facts, pursue discovery, and present their

3

defenses without limitation. The only effect is to prevent disclosure to the public, which serves no legitimate interest in this context. The public's interest is in accountability of government actors and school staff, not in knowing the name of a child who was sexually assaulted.

## II.    Requiring John Doe to use his real name would expose Child Doe's identity.

The Seventh Circuit has emphasized that the involvement of children and their parents in a lawsuit is a significant factor in favor of anonymity, particularly because of the inflammatory subject matter of the case and the risk of harm to plaintiff's children if their identities are made known by revealing their parents' names. *Elmbrook Sch. Dist.*, 658 F.3d at 722 ("It also is significant that children are involved in the suit" and noting an important factor in the balancing inquiry is whether a party is particularly vulnerable to the possible harms of disclosure, "particularly in light of his age"). Courts recognize that anonymity must be applied in a way that prevents public identification, not in a manner that leaves the victim's identity easily discernible. *R.N. by & through R.T. v. Franklin Cmty. Sch. Corp.*, No. 1:19-cv-01922, 2019 WL 4305748, at *4 (S.D. Ind. Sept. 11, 2019).

Meaningful protection for Child Doe requires that his father, Plaintiff John Doe, also be permitted to proceed under pseudonym. In cases where a parent sues on behalf of his minor child, disclosure of the parent's name is, in practical effect, disclosure of the child's name. Revealing John Doe's identity would necessarily reveal that of his son.

The danger here is not abstract. This case has already drawn significant media attention because it involves a teacher's sexual abuse of an elementary school student. If

John Doe were required to proceed under his real name, public disclosure would immediately and irrevocably identify Child Doe. Given that media outlets have already reported on these events, requiring disclosure of John Doe's identity would risk widespread public exposure of Child Doe's identity.

Defendants would suffer no prejudice if both parent and child proceed pseudonymously. Defendants know who John Doe and Child Doe are, and that knowledge is sufficient to defend against the claims. Extending anonymity to both parties ensures that the protection is effective and not illusory.

The state criminal proceedings have already treated the child's identity as confidential, and the public has relied on that confidentiality. To abandon that protection in this civil case would serve no public interest and would inflict needless harm on Child Doe. The Court should therefore exercise its discretion to permit both John Doe and Child Doe to proceed under pseudonyms.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court utilize its broad discretion to permit the use of pseudonyms, "John Doe" and "Child Doe."

**STORMS DWORAK LLC**

Dated: September 16, 2025

/s/ Jeffrey S. Storms
Jeffrey S. Storms (#387240)
Naomi E. H. Martin (#042332)
222 South 9th Street, Suite 470
Minneapolis, MN 55402
Telephone: 612.333.7050
jeff@stormsdworak.com
naomi@stormsdworak.com

5

**NELSON & LINDQUIST, S.C.**

Andrew M. Nelson, (#1061508)
600 Third Street
Hudson, WI 54016
Telephone: 715.381.8270
drew@nelsonlindquist.com