**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

JOHN DOE, as parent and natural guardian
  of Child Doe, a minor,

      Plaintiff,

v.                                         Case No.:  3:25-cv-00705

MADISON LYNN BERGMANN, in her indivdual capacity,
ABIGAIL M. FAUST, in her individual capacity, and
the SCHOOL DISTRICT OF HUDSON,

      Defendants.

---

**DEFENDANT, MADISON LYNN BERGMANN'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant, Madison Lynn Bergmann, by her attorneys, von Briesen & Roper, s.c., hereby answers Plaintiff's Complaint as follows:

### <u>Introduction</u>

1.     In answer to paragraph 1, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

2.     In answer to paragraph 2, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

3.     In answer to paragraph 3, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

4.      In answer to paragraph 4, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

5.      In answer to paragraph 5, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

### Jurisdiction and Venue

6.      In answer to paragraph 6, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

7.      In answer to paragraph 7, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

8.      In answer to paragraph 8, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

9.      In answer to paragraph 9, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

### Parties

10.     In answer to paragraph 10, upon information and belief, Defendant admits the allegations contained therein.

11.     In answer to paragraph 11, upon information and belief, Defendant admits the allegations contained therein.

12.     In answer to paragraph 12, Defendant admits that she was employed by the Hudson School District as a teacher at River Crest Elementary School, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

13.     In answer to paragraph 13, Defendant admits the allegations contained therein.

14.     In answer to paragraph 14, upon information and belief, Defendant admits that Faust was employed by the Hudson School District as a teacher at River Crest Elementary School, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

15.     In answer to paragraph 15, upon information and belief, Defendant admits the allegations contained therein.

16. In answer to paragraph 16, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

17. In answer to paragraph 17, upon information and belief, Defendant admits the allegations contained therein.

18. In answer to paragraph 18, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

19. In answer to paragraph 19, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

## **Factual Allegations**

20. In answer to paragraph 20, Defendant admits the allegations contained therein.

21. In answer to paragraph 21, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

22. In answer to paragraph 22, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

23.    In answer to paragraph 23, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

24.    In answer to paragraph 24, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

25.    In answer to paragraph 25, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

26.    In answer to paragraph 26, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

27.    In answer to paragraph 27, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

28.    In answer to paragraph 28, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

29.    In answer to paragraph 29, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

30.    In answer to paragraph 30, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

31.    In answer to paragraph 31, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

32.    In answer to paragraph 32, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

33.    In answer to paragraph 33, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

34.    In answer to paragraph 34, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

35.    In answer to paragraph 35, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

## Claims for Relief

### Count I
42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process
(Against Defendant Madison Lynn Bergmann)

36.    In answer to paragraph 36, Defendant repeats and realleges, as though more fully set forth herein, the foregoing paragraphs of this pleading.

37.	In answer to paragraph 37, Defendant asserts that the allegations contained therein constitute legal conclusion to which no response is required, but to the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

38.	In answer to paragraph 38, Defendant denies the allegations of deliberate indifference, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

39.	In answer to paragraph 39, Defendant denies the allegations of penetration and violation of due process rights, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

40.	In answer to paragraph 40, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

41.	In answer to paragraph 41, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

**Count II**
42 U.S.C. § 1983 – Failure to Intervene –
Fourteenth Amendment Substantive Due Process
(Against Defendant Abigail M. Faust)

42.	In answer to paragraph 42, Defendant repeats and realleges, as though more fully set forth herein, the foregoing paragraphs of this pleading.

43.     In answer to paragraph 43, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

44.     In answer to paragraph 44, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

45.     In answer to paragraph 45, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

46.     In answer to paragraph 46, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

47.     In answer to paragraph 47, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

**Count III**
Battery – Wisconsin Common Law
(Against Defendant Madison Lynn Bergmann)

48.     In answer to paragraph 48, Defendant repeats and realleges, as though more fully set forth herein, the foregoing paragraphs of this pleading.

49.     In answer to paragraph 49, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

50.     In answer to paragraph 50, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

51.     In answer to paragraph 51, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

52.     In answer to paragraph 52, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

**Count IV**
Vicarious Liability – Wisconsin Common Law
(Against Defendant School District of Hudson

53.     In answer to paragraph 53, Defendant repeats and realleges, as though more fully set forth herein, the foregoing paragraphs of this pleading.

54.     In answer to paragraph 54, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

55.     In answer to paragraph 55, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

56.     In answer to paragraph 56, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

57.     In answer to paragraph 57, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

## COUNT V
Negligent Supervision – Wisconsin Common Law
(Against Defendant School District of Hudson)

58.     In answer to paragraph 58, Defendant repeats and realleges, as though more fully set forth herein, the foregoing paragraphs of this pleading.

59.     In answer to paragraph 59, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

60.     In answer to paragraph 60, inclusive of subparts a. through c., Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

61.     In answer to paragraph 49 [sic], Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

62.     In answer to paragraph 61, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies same and puts Plaintiff to his burden of proof thereon.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to each cause of action asserted in Plaintiff's Complaint, this answering Defendant alleges and shows to the Court as follows:

10

1.      Any injuries, losses or damages sustained by Plaintiff may have been caused, in whole or in part, by the acts or omissions of another over whom this answering Defendant had no right of control.

2.      Plaintiff may have failed to mitigate his damages as required by law.

3.      Plaintiff's Complaint, and each and every cause of action asserted therein, may fail to state a claim upon which relief may be granted.

4.      Plaintiff's claims for damages may be limited or barred pursuant to the provisions of 42 U.S.C. § 1997e(e) and Wis. Stats. §§ 893.80 and/or 893.82.

5.      Plaintiff's Complaint, and each and every cause of action asserted therein against this answering Defendant, may be barred due to Plaintiff's failure to comply with the notice requirements set forth in Wis. Stats. §§ 893.80 and/or 893.82.

6.      Defendant alleges all affirmative defenses required to be pled under Fed. R. Civ. P. 8(c) and 12(b) for the purpose of avoiding waiver of any such affirmative defenses as they may later apply.

7.      Defendant repeats and realleges, as though more fully set forth herein, all affirmative defenses asserted by any other defendant in this lawsuit, to the extent they are not inconsistent with the foregoing Answer and this Defendant's denial of liability.

8.      Defendant reserves the right to assert additional affirmative defenses that may become available as a result of future discovery in this lawsuit.

**WHEREFORE**, Defendant, Madison Lynn Bergmann, demands judgment as follows:

1.      Dismissing Plaintiff's Complaint; and

2.      Costs, disbursements and attorney's fees in this action together with such other relief as the Court may deem equitable and just.

11

**TRIAL BY A JURY OF 12 PERSONS IS HEREBY DEMANDED.**

Dated this 6th day of November, 2025.

VON BRIESEN & ROPER, S.C.

By: */s/ Quentin F. Shafer*

Quentin F. Shafer
WI State Bar No. 1032481
10 E. Doty Street, Suite 900
Madison, WI 53703
Phone: (608) 287-3932
Fax: (608) 316-3150
quentin.shafer@vonbriesen.com
***Attorneys for Defendant,***
***Madison Lynn Bergmann.***