IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DOE, as parent and natural guardian
of Child Doe, a minor,

          Plaintiff,

  v.                                                      OPINION and ORDER

MADISON LYNN BERGMANN,                        25-cv-705-wmc
ABIGAIL M. FAUST,
and THE SCHOOL DISTRICT OF HUDSON,

          Defendants.

---

Plaintiff John Doe, as parent and natural guardian of minor Child Doe,[1] has filed suit against defendants Madison Bergmann, Abigail Faust, and the School District of Hudson under 42 U.S.C. § 1983 and Wisconsin law. Dkt. 1. Plaintiff alleges Bergmann violated Child Doe's constitutional rights, specifically through grooming and sexual abuse, and committed battery under state law. *Id.* at 6–8. Plaintiff alleges that Faust failed to intervene, and that the School District of Hudson is vicariously liable for Bergmann's actions and negligently supervised Bergmann. *Id.* at 7–9.

Now before this court is Wadena Insurance Company's ("Wadena") motion to intervene and plaintiff's motion to proceed under a pseudonym. Dkts. 17 & 7. Both motions are GRANTED for the following reasons.

---

[1] Plaintiff filed suit as a "natural guardian," which the court regards as a type of "general guardian," as contemplated by Federal Rule of Civil Procedure 17(c)(1).

ANALYSIS

A. **Motion to intervene, Dkt. 17**

Wadena is Bergmann's homeowner insurer and is currently paying for her defense costs under a full reservation of rights. Dkt. 18 at 4. Wadena requests to intervene in order to bring a complaint seeking declaratory judgment that it owes no duty to anyone in this case. Dkt. 19. Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Wadena argues it meets this criteria, and no party has timely opposed the request.[2] *See* Dkts. 22, 23, & 29. In light of the record, the court finds Wadena satifies Rule 24(a)(2)'s requirements and GRANTS the motion to intervene.

B. **Motion to proceed under pseudonym, Dkt. 7**

Plaintiff brings a motion to proceed using a pseudonym. Plaintiff is primarily concerned that disclosing plaintiff's name will subsequently expose their child's name. Plaintiff argues that the harm of disclosure outweighs the benefits.

"The public has an interest in knowing what the judicial system is doing[.]" *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). For this reason, the Seventh Circuit generally disfavors anonymous litigation, *id.*, and instructs that motions to proceed anonymously should be scrutinized carefully, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th

---

[2] Defendant Abigail Faust has yet to appear in this case. Faust's answer was due on October 10, 2025, *see* Dkt. 10, but she has not yet appeared. The court will not indefinitely delay resolving the pending motions in anticipation of her appearance.

Cir. 1997). This is true even if there are no objections, as is the case here. *Id.*; Dkts. 10 & 29. To determine if a party can proceed anonymously, the court must weigh the likely harm of concealment against the harm to plaintiff from disclosure. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Under the facts of this case, the court finds the harm of disclosure outweighs the harm of concealment. The allegations in this case involve the sexual assault and grooming of plaintiff's minor child. While there has been a parallel state criminal case and some media attention, plaintiff's and Child Doe's names have not been released. Dkt. 8 at 3. If plaintiff's name is disclosed, so too, in practical effect, will the name of plaintiff's minor child. And if the court were to deny this motion, this case would be the first potential disclosure of the child's name to the public. Given the sensitive nature of the underlying allegations of grooming and sexual abuse, publishing plaintiff's name may have a lasting, traumatic effect on the minor child's life.

Defendants do not assert any harm from allowing plaintiff to proceed under a pseudonym. In particular, defendants are already aware of who plaintiff is, so proceeding with the pseudonym will not hinder the discovery process. Also, the parties have agreed to proceed

under a protective order allowing defendants to receive access to information about plaintiff and Child Doe. Dkt. 8 at 3.

For these reasons, plaintiff's unopposed motion to proceed under a pseudonym is GRANTED.

## ORDER

IT IS ORDERED that:

1. Intervenor Wadena Insurance Company's motion to intervene, Dkt. 17, is GRANTED. The clerk is directed to update the docket accordingly.

2. Plaintiff John Doe's motion to proceed under a pseudonym, Dkt. 7, is GRANTED.

Entered December 2, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge